Nott, J.
Doctor Ramsay, was continually rendering profes *380 s¡onal services to the plaintiff, and at the end of each year rendered in his bill. She was then legally bound to give him credit for that amount. It was as much a payment, as if he had laid down the sPec‘e* It is said, that it would be giving interest on an open account which the law will not allow. But it is not so. It is relieving him from the payment of interest on money which he has actually paid. It is by no means a universal rule that an open account will not carry interest. But it ought to be a universal rule, that where it is intended as payment, that it should stop interest,
It is said it does not appear the Doctor would save any thing by having the credits allowed annually. But as the principle is correct, I would grant the motion unless the contrary appeared. The Doctor alleges that it makes a difference of two or three hundred dollars, which is not denied on the other side ; and when a fact is affirmed on one side, and not denied on the other, I take it to bo admitted. But it is expressly admitted that the payments in some instances were more than the interest: from whence it results as a necessary consequence, that the aggregate would be less by that mode of calculation. The plaintiff was legally and morally bound to give credit when the services were performed. She now comes here to take advantage of her own wrong, and asks this court to sanction iniquity. I am of opinión a new trial ought to be granted. But as the court is divided, the motion must fail, notwithstanding the verdict is against the opinion of the presiding judge. Such is the constitution of this court, that the opinion of two judges may prevail against three.
Smith, J.
This was an action of debt on a bond, which bond was payable by annual instalments. The defendant had annually rendered in his bill as physician to plaintiff, which he says would about have extinguished the interest on the bond, each year. The defendant contends, that this much ought to have been annually deducted from the bond to prevent the accumulation of interest. But if no more was annually paid by the physician’s bill than the amount of interest, he cannot be injured; because a finding for the plaintiff, by no means increases the interest; for the interest could not carry interest. Nor does the law admit any such calculation. And if these payments went no further than to extinguish the annual interest, still the plaintiff had a right to the full amount of interest on the whole of the bond, every year in succession, until the whole of it, or some part of the principal should be paid. Therefore, I conceive the right contended for by the defendant, is by no kind of construction impaired, and I am against the new trial.
*381 Bsevard, J.
As the bond was payable by annual instalments, and the defendant’s bills for medicines, &c., were rendered in an-dually, by way of payment, and no objection made to them, it was ibe duty of the plaintiff to have given credit for them, at the several , tunes when they were rendered in. 1 do not consider them as coming within the discount law, but as payments actually made, for which the plaintiff has failed to give receipts according to the understanding and tacit agreement of the parties. Therefore, I ,-think the defendant is entitled to a new trial.